IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner,<br><br>    Plaintiff;<br><br>vs.<br><br>David Burzinski, Eugene Hagood,<br>Tamirsha Strong, Daniel Harouff,<br><br>    Defendants.[1] | C/A No. 6:25-cv-06459-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

  The plaintiff's complaint was entered on the docket on June 30, 2025 (doc. 1). By orders filed July 18, 2025, August 5, 2025, August 20, 2025, and September 10, 2025, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (docs. 7; 10; 15; 20). The plaintiff complied with the court's orders and the case is now in proper form for judicial screening. Having reviewed the plaintiff's complaint, the undersigned is of the opinion that the plaintiff's excessive force claim against defendants David Burzinski, Eugene Hagood, and Tamirsha Strong is sufficient to survive screening, and service will be recommended as to these defendants on the excessive force claim. However, the plaintiff's claim against D/W Harouff fails to state a claim upon which relief may be granted; thus, it is subject to summary dismissal as outlined below.

---

[1] This caption represent the current parties to this action. In service documents submitted to the court, the plaintiff updated Lt. Burzinski's name to Lt. David Burzinski.

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a state prisoner (doc. 1). The plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and currently located at McCormick Correctional Institution (doc. 6).

The plaintiff alleges violations of his rights in an incident at Perry Correctional Institution ("Perry") on April 22, 2025 (*id*. at 5). The plaintiff contends that when he was taken back to his cell from a disciplinary hearing by Lt. Burzinski and Lt. Hagood, Lt. Burzinski slammed him into the wall and threatened to hurt him (*id*. at 6). After being taken into the cell, Lt. Burzinski slammed the plaintiff into the wall again and punched him (*id*.). Lt. Hagood was assaulting the plaintiff during the same time (*id*.). The plaintiff contends that Ms. Strong was a bystander because he was under her supervision as her mental health patient and she did not prevent the excessive force used on the plaintiff (*id*. at 6–7). Dep. Harouff is responsible for the incident because he is the other defendants' supervisor (*id*. at 7).

The plaintiff's injuries include those to his wrist and arm as well as emotional distress and depression (*id*. at 8, 9). For relief, the plaintiff seeks money damages (*id*.).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon

2

which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants.  Additionally, as indicated, the plaintiff's excessive force claim against  defendants David Burzinski, Eugene Hagood, and Tamirsha Strong is sufficient to survive screening, and service will be recommended as to these defendants on the excessive force claim.  The plaintiff's remaining claim against D/W Harouff – as outlined below – is subject to summary dismissal.

Here, the plaintiff's complaint references D/W Harouff in only one place – mentioning that D/W Harouff supervised the other defendants, which made him responsible for their actions (*see* doc. 1 at 7).  Although the plaintiff's allegations must be liberally construed, the plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief.  *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement").  Moreover, as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim.  *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff).

Further, the plaintiff may not seek a supervisory liability claim against D/W Harouff because the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)).  Indeed, to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff.  *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013).  Here, the plaintiff's complaint contains no

4

allegations that D/W Harouff was on notice that Lt. Burzinski and Lt. Hagood were going to harm the plaintiff during the incident in question or that he was otherwise on notice (prior to the incident in question) that these defendants posed a risk to the plaintiff (doc. 1 at 7). The plaintiff also indicates that D/W Harouff is liable as a bystander, but the plaintiff has not alleged D/W Harouff was present when the incident occurred – just that he supervised Lt. Burzinski and Lt. Hagood (*see id*.). As such, the plaintiff's complaint fails to state a claim against D/W Harouff and he should be dismissed from this action. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010).

### **RECOMMENDATION**

As noted above, this case will go forward with respect to the plaintiff's excessive force claim against defendants David Burzinski, Eugene Hagood, and Tamirsha Strong. However, with respect to the plaintiff's remaining claims, the undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss the remaining claims with prejudice (other than the excessive force claim against defendants David Burzinski, Eugene Hagood, and Tamirsha Strong), without leave for further amendment, and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

October 17, 2025
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).