IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont Cutner,<br><br>       Plaintiff,<br>   v.<br><br>David Burzinski, Eugene Hagood,<br>Tamirsha Strong, and Daniel Harouff,<br><br>       Defendants. | Case No. 6:25-cv-06459-RMG<br><br>**ORDER** |

This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that, after an initial judicial review, the claim asserted against Defendant Harouff be dismissed for failing to state a claim upon which relief can be granted but that the balance of the claims against the other defendants be allowed to proceed. (Dkt. No. 27). Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to do so would result in limited clear error district court review and a waiver of the right to file an appeal of the district court's decision. (*Id*. at 6). No written objections have been filed.

**I.   Background**

Plaintiff, who is currently incarcerated, brings this action under 42 U.S.C. § 1983 claiming excessive force. All Defendants are employees of the South Carolina Department of Corrections. Plaintiff alleges that Defendants Burzinski and Hagood assaulted him and Defendant Strong was a bystander who allegedly failed to prevent the assault upon him. Defendant Harouff was named because he was the supervisor of Defendants Burzinski and Hagood. (Dkt. No. 1 at 6-7).

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

The Magistrate Judge ably summarized Plaintiff's Complaint and correctly concluded that Plaintiff failed to state a claim against Defendant Harouff because there is no vicarious liability of a supervisor in a § 1983 action.  The Magistrate Judge recommended that the claim against

Defendant Harouff be denied with prejudice. The Magistrate Judge further correctly concluded that Plaintiff has made sufficient allegations against the remaining Defendants for the case to go forward and recommended that that the case be allowed to proceed.

IV.     Conclusion

        For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 27), **DISMISSES** Plaintiff's claim with prejudice against Defendant Harouff, and allows the claims against the remaining Defendants to go forward.

        **AND IT IS SO ORDERED.**

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 6, 2025
Charleston, South Carolina